## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARJORIE A. CREAMER,

                Plaintiff,

vs.                                                                Case No. 14-4107-JAR-TJJ

KATY FISCHER, et al.,

                Defendants.

## REPORT AND RECOMMENDATION

Marjorie A. Creamer proceeding *pro se* filed this action against Katy Fischer and Don Bowman, alleging civil rights violations, violations of Kansas' "one bite" rule, and violations of Kansas criminal statutes concerning assault and battery with a deadly weapon, stemming from an incident involving Defendant Fischer's pit bull, "Megan."[1] This matter comes before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3). Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.

Plaintiff has shown a financial inability to pay the required filing fees. Based on the information provided in her financial affidavit, Plaintiff is currently unemployed, has monthly

---

[1] Compl. at 3, 4 (ECF No. 1).

expenses totaling nearly $500, no money in any deposit accounts, and substantial credit card debt. However, when a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[2] Because Plaintiff proceeds pro se, her pleadings are liberally construed.[3] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[4]

Here, Plaintiff appears to allege that Defendant Fischer's dog, "Megan," attacked Plaintiff on December 16, 2012 while Plaintiff was resting in her home.[5] Plaintiff alleges that "Fischer opened closed bedroom door where Creamer was resting…and pit bull attacked

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] *Id.*

[5] Compl. at 7, ¶ 4 (ECF No. 1).

Creamer."[6] As a result of this attack, Plaintiff alleges that she "passed out in field after the bleeding would not stop."[7] Plaintiff also alleges that "Megan" had a history of "incidents," including prior attacks on Plaintiff's dogs and "jump[ing] the backyard fence and bit[ing] people[.]"[8] Plaintiff also makes reference in her complaint to inaction by Ellis County law enforcement officials, feelings of being cheated in the workplace throughout her life, and allegations of her sister's rape in the 1960s. Plaintiff claims punitive and compensatory damages in excess of $75,000 for psychological treatment and medical treatment resulting from her "left leg [being] punctured by the pit bull."[9]

As to references to Ellis County law enforcement officials, feelings of being cheated in the workplace, and the alleged rape, there is insufficient factual basis in the Complaint to raise a right to relief above the speculative level. However, construing Plaintiff's complaint liberally, Plaintiff has pled sufficient facts upon which recognized legal claims could be based as to the dog-bite incident. Specifically, the facts could be construed as setting out *prima facie* claims for recovery of damages under Kansas' "one bite" rule, or alternatively a *prima facie* case of intentional tort battery. [10]

---

[6] *Id.*

[7] *Id.* at 7, ¶ 5.

[8] *Id.* at 4, ¶ 1.

[9] *Id.* at 11.

[10] The "one bite" rule is somewhat of a misnomer. The actual rule in Kansas is that the owner of a domestic animal is not liable for injuries inflicted by that animal unless there is some evidence that the owner was aware of the animal's vicious nature. Ellis v. Blaich, No. 92-1427-PFK, 1993 U.S. Dist. LEXIS 9699, at *3 (D. Kan. June 11, 1993); see also Berry v. Kegans, 411 P.2d 707, 710 (Kan. 1966). Plaintiff alleges that "Megan" had the known tendency to jump the fence and bite neighbors. Compl. at 4, ¶ 1 (ECF No. 1). The facts construed liberally could support an allegation that Defendant was aware of the pit bull's vicious tendencies prior to the

While Plaintiff may have alleged a *prima facie* case for tort battery, the Complaint also indicates that the claim is time-barred by Kansas' one-year statute of limitations for intentional torts.[11] The alleged attack occurred on December 6, 2012, and the Complaint was not filed until October 29, 2014, well beyond the one-year statutory window for intentional tort claims. However, a claim under Kansas' "one bite" rule falls under a two-year statute of limitations, meaning the deadline for filing such a claim would have been December 6, 2014. Plaintiff's October 29, 2014 filing fits squarely within the two-year limitations window for the "one bite" rule claim.

By failing to adequately plead, Plaintiff has failed to state a claim upon which relief may be granted as to her claims against Ellis County law enforcement officials, feelings of being cheated in the workplace, and the alleged rape of her sister in the 1960s. Plaintiff has also failed to state a claim upon which relief may be granted under a theory of tort battery because that claim is time-barred under Kansas' statute of limitations. If the facts are construed liberally, however, Plaintiff has timely asserted a *prima facie* claim against Defendant Fischer for liability under Kansas' "one-bite" rule.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff's motion to proceed *in forma pauperis* be **GRANTED** as to the claimed violation of Kansas' "one-bite" rule against Defendant Fischer and **DENIED** as to all other claims and against all other defendants.

---

alleged attack on Plaintiff. In Kansas, tort battery is "the unprivileged touching or striking of one person by another, done with the intent of bringing about either a contact or an apprehension of contact that is harmful or offensive." PIK Civ. 4th 127.02; see also Williams v. Kearbey, 775 P.2d 670, 674 (Kan. App. 1989). The facts construed liberally could support that Defendant Fischer used her pit bull to commit a battery on Plaintiff.

[11] Kan. Stat. Ann. § 60-514(b).

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the recommended disposition. If plaintiff does not timely file her objections, no court will allow appellate review.

A copy of this order shall be mailed to plaintiff by certified and regular mail.

IT IS SO ORDERED.

Dated December 19th, 2014, at Kansas City, Kansas.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge