IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARJORIE A. CREAMER,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 14-4107-JAR-TJJ |
| **KATY FISCHER, et al.,** | ) |
| **Defendants.** | ) |

# **ORDER**

On August 6, 2015, Plaintiff was ordered to show good cause in writing to this Court, on or before August 20, 2015, why this case should not be dismissed in its entirety for lack of subject matter jurisdiction (Doc. 44). The deadline has passed, and Plaintiff has failed to respond to the Court's Order.

As set forth in the Order to Show Cause, Plaintiff's only claim arises under the tort laws of the state of Kansas, and this case involves no claim arising under federal law. The only possible avenue of subject matter jurisdiction is diversity of citizenship, which requires complete diversity of citizenship between all plaintiffs and all defendants.[1] In her Complaint, although Plaintiff lists her mailing address as a Post Office Box in Kansas City, Missouri, she claims to be a citizen of the state of Kansas, as is Defendant. Courts may exercise jurisdiction only when

---

[1] 28 U.S.C. § 1331. Alternatively, to the extent Plaintiff attempted to assert federal question jurisdiction in her previously dismissed claims, this Court declines to exercise supplemental jurisdiction over the remaining state law claim under 28 U.S.C. § 1367(c)(3). Although Plaintiff checked several boxes on her Civil Cover Sheet indicating she was bringing federal claims, including claims under the Americans With Disabilities Act, Habeas Corpus for Prisoners, and RICO, Doc. 2, the allegations in her Complaint all stemmed from the alleged dog bite incident, as detailed in Judge James' Report and Recommendation. Doc. 5. Under either scenario, this Court lacks jurisdiction over the state law claim, which is dismissed without prejudice to pursue in state court.

specifically authorized to do so,[2] and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."[3]  Plaintiff has not met her burden to demonstrate that jurisdiction is proper and the case should not be dismissed.[4]  Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that this case is **dismissed in its entirety**, without prejudice, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated: August 25, 2015**

 S/ Julie A. Robinson
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**

---

[2]*See Castaneda v. INS*, 23 F.3d 1576, 1589 (10th Cir. 1994).

[3]*Scheideman v. Shawnee Cnty. Bd. of Cnty. Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3).

[4]*Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).